IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY FIGUEROA,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0441 |
| | : | |
| COMMONWEALTH FINANCIAL<br>SYSTEMS,<br>    Defendant. | :<br>:<br>: | |

## MEMORANDUM

**SCHMEHL, J.**  /s/ JLS                                                             MARCH 1, 2022

Plaintiff Kimberly Figueroa filed this civil action *pro se* regarding information reported to consumer reporting agencies. Named as Defendant is Commonwealth Financial Systems ("CFS"). Figueroa seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Figueroa leave to proceed *in forma pauperis* and dismiss her Complaint (ECF No. 2) without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.     FACTUAL ALLEGATIONS[1]

Figueroa's allegations are quite brief. The Court understands Figueroa to be raising claims pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. (Compl. at 3-4.)[2] Figueroa contends that CFS reported "erroneous, incomplete, and inaccurate information" to consumer reporting agencies. (*Id.* at 5.) She alleges that "this is the only account on my credit report that is negative." (*Id.* at 6.) She further claims that she has recorded the violations "in

---

[1] The facts set forth in this Memorandum are taken from Figueroa's Complaint and documents attached thereto.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[her] composition notebook." (*Id.*)  According to Figueroa, she was denied "for a small personal loan" due to the inaccurate information on her credit report and the reporting of the inaccurate information has impacted her physical and mental health. (*Id.*)  She seeks monetary relief and removal of the inaccurate information from her credit reports. (*Id.*)

Figueroa attached three documents to the Complaint.  The first document appears to be a copy of Figueroa's credit report that was generated on January 26, 2022, listing a "potentially negative" account with CFS.  (*See id.* at 9.)  The balance of the debt is $526 and its status is described as "past due as of Jan 2022." (*Id.*)  The original creditor is Lehigh Valley Health.  (*Id.* at 10.)  The second attachment to the Complaint appears to be a typewritten memorialization of a January 24, 2022 telephone call Figueroa had with CFS regarding an outstanding debt.  (*Id.* at 11.)  Therein, Figueroa indicates, *inter alia*, that she was told by CFS that the amount of the debt was $226, that she was required to contact the original creditor to determine when the debt had been due, and that CFS had called her on December 10, 2021, and mailed a letter to her on January 3, 2022, regarding the debt. (*Id.*)  The notes also indicate that the information provided to Figueroa during the telephone call is inconsistent with what is reflected on her credit report. (*Id.*)  Figueroa's third attachment to her Complaint appears to be a printout from the Better Business Bureau website listing various customer reviews of CFS.  (*See id.* at 12-15.)

## II.    STANDARD OF REVIEW

The Court will grant Figueroa leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Figueroa's Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Figueroa is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

3

### III.    DISCUSSION

#### A.    FCRA Claims

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

"The FCRA confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).  "Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually

4

accurate." *Williams v. Experian Info. Sols., Inc.*, No. 14-8115, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, Figueroa must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).  The FCRA has several provisions that create liability for violations of the Act. *SimmsParris*, 652 F.3d at 358.  However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Figueroa has not stated a plausible claim against CFS under the provisions of the FCRA pertaining to consumer reporting agencies, because she has not alleged that CFS is a consumer reporting agency.  To the extent Figueroa raises claims against CFS as a furnisher of information, she has also failed to allege a plausible claim.  The allegations in the Complaint are sparse.  They are also conclusory. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020)

(allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim). In other words, Figueroa has not identified the allegedly incorrect information in her credit history, clearly explained why the information was incorrect, alleged any facts about when and how she disputed that information with the consumer reporting agencies, or alleged that CFS failed to investigate and modify the inaccurate information. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."). Figueroa's FCRA claims are therefore not plausible as pled.

Furthermore, the Court will not speculate as to Figueroa's claims based on the attachments to her Complaint. Indeed, a plaintiff may not state a claim by relying solely on exhibits. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr.

1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

### B.      FDCPA Claims

"The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors." *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*).  To state a claim under the FDCPA, a plaintiff must establish that "(1) he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)); *see also Pressley*, 415 F. Supp. 3d at 512-13 ("To state a claim under the FDCPA, a plaintiff must establish that:  (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.") (internal quotation omitted).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"); *Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content - such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt -

which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.").

To the extent she is bringing a FDCPA claim at all, Figueroa does not allege she is a consumer who was harmed by violations of the FDCPA, she does not describe the nature of the debt, she does not specifically allege that CFS is a debt collector, and she not describe other than in conclusory terms how CFS's acts or omissions, violated a provision of the FDCPA.[3]  Instead, Figueroa broadly alleges that CFS reported "erroneous, incomplete, and inaccurate information" to consumer reporting agencies.  (*See* Compl. at 5.)  Figueroa's exhibits are also insufficient to allege plausible FDCPA claims.  As noted, while a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  In other words, the conclusory allegations of Figueroa's Complaint combined with her unexplained exhibits do not present a plausible FDCPA claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Figueroa leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because the Court cannot say at this time that Figueroa can never state a plausible claim based on the acts or omissions of CFS, she will be granted leave to amend.

---

[3]  It is possible that Figueroa may seek to assert claims under 15 U.S.C. § 1692e(8), which prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  However, the manner in which Figueroa has presented her claims makes the true nature of them difficult to discern.  Figueroa's Complaint does not reference the FDCPA, much less indicate which sections of the FDCPA she bases her claims on, or provide sufficient factual information from which the Court could discern the relevant statutory provision or provisions potentially implicated here.

Cognizant of Figueroa's *pro se* status, the Court will grant her an opportunity to "flesh out [her] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for her claims. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**